## CLARA BREEZE, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

### Division One, March 2, 1915.

1. **NEGLIGENCE: Master and Servant: Servant's Suicide: Ordinary Diligence.** If the act of the deceased employee of defendant, who had been taken to a hospital for an operation for appendicitis, in thereafter leaping from a window, was not the usual or ordinary conduct that the defendant, as an ordinarily prudent person, should have anticipated, the defendant is not liable in damages for his consequent death; and in the absence of suicidal mania, and of evidence indicating a suicidal intention, it cannot be held that defendant was negligent in not barring the window or having a nurse constantly in attendance upon him.

2. ———: ———: ———: **Jumping From Hospital Window.** Plaintiff's husband was an employee of the defendant railroad company, and as such was entitled to enter defendant's hospital and there receive hospital, medical and surgical treatment. He was taken to the hospital and a surgical operation for appendicitis was skillfully performed. The operation revealed an unusual accumulation of fluid in and about the diseased parts, which was indicative of serious complications, not necessarily

present in such diseases. After the operation, he was placed in a room on the second floor of the hospital, under the care of trained nurses, but the windows of the room were not secured by iron grates or bars. At intervals he became delirious and possessed of delusions, but there was no evidence tending to show suicidal mania, or to indicate that he intended to do himself physical harm. The nurses were not in constant attendance upon him, but each nurse attended one or more patients on the same floor, according to their need. On September 21st his nurse left him for about five minutes, and on her return discovered that in her absence he had arisen from his bed, gone to the unguarded window and jumped to the pavement below. His death resulted soon afterwards. *Held*, that, in the absence of evidence of suicidal mania and of evidence tending to show any suicidal intentions, it was not defendant's duty, as an ordinarily prudent person, to have anticipated his suicidal act, and the court properly compelled a nonsuit.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*John A. Hall* and *Botsford. Deatherage & Creason* for appellant.

(1) The Employee's Hospital Association was created by the defendant company and not by its employees. It was the *alter ego* or at most the agent of defendant company under the sole control of defendant and was organized for defendant's benefit. Phillips v. Railroad, 211 Mo. 419; Haggery v. Railroad, 100 Mo. App. 424. (2) Defendant company owed J. A. Breeze the duty, under the evidence in this case, to furnish him a separate room with barred windows and special nurses to be at his bed at all times until he was out of danger of doing violence to himself. Phillips v. Railroad, 211 Mo. 435. (3) "It is not necessary that the injury in the precise form in which it in fact resulted should have been foreseen. It is enough that it now appears to have been a natural and probable consequence. In other words, it is not necessary to a de-

fendant's liability, after his negligence has been established, to show, in addition thereto, that the consequences of his negligence could have been foreseen by him; it is sufficient that the injuries are the natural though not the necessary and inevitable, result of the negligent fault." Phillips v. Railroad, 211 Mo. 442. (4) In considering the demurrer of the defendant to the evidence the trial court should deal with the disputed and uncertain facts in a way as favorable to plaintiff as the record will allow, laying to one side, as within the province of the jury, both self contradictions of and disagreements between witnesses. Mowry v. Norman, 223 Mo. 468; Wightman v. A. O. W. W., 121 Mo. App. 263; Fink v. Railroad, 161 Mo. App. 327; Phelan v. Paving Co., 227 Mo. 704; Hallweg v. Tel. Co., 195 Mo. 165; State v. Baldwin, 214 Mo. 308. (5) It was the duty of defendant's agents in charge of plaintiff's husband during his last sickness to anticipate a thing which was the natural consequence and likely to happen from the negligent acts and to guard against such possible results, even though that specific thing which did happen could not have been foreseen by it. Phillips v. Railroad, 211 Mo. 422; Miller v. Railroad, 90 Mo. 394; Railroad v. Artist, 60 Fed. 366; Hoeffer v. Hotel Co., 142 Mo. 378; Harrison v. Light Co., 195 Mo. 606; Graney v. Railroad, 140 Mo. 89; Miller v. Railroad, 90 Mo. 389. (6) There is a presumption that out of love or life and self-preservation, one does not willingly destroy himself, and the proof of self-destruction together with any other evidence tending to prove mental derangement, makes a case for the jury as to whether or not deceased was mentally deranged and its cause. Holten v. Cochran, 208 Mo. 425; Wood v. Railroad, 181 Mo. 448; State v. Wright, 134 Mo. 418; Rossier v. Met. St. Ry., 125 Mo. App. 162; Torreyson v. Railroad, 144 Mo. App. 635; DeCourcey v. Const. Co., 140 Mo. App. 179; Saeger v. Railroad, 131 Mo. App. 287; Johnson v. Railroad, 150

Mo. App. 319; Ins. Co. v. McConkey, 127 U. S. 667. (7) A delusion, that is, a belief in a condition which does not in fact exist, is evidence of mental derangement. Knapp v. Trust Co., 199 Mo. 667; Buford v. Gruber, 213 Mo. 253.

*W. F. Evans* and *Cowherd, Ingraham, Durham & Morse* for respondent.

(1) If the plaintiff made no case for the jury, admission of evidence over her objection does not affect the merits of the case and does not constitute reversible error. Fritz v. Railroad, 243 Mo. 62. (2) Plaintiff's action, if she had one, was against the Hospital Association and not against defendant. (3) The trial court was right in sustaining a demurrer to plaintiff's evidence. Holton v. Cochran, 208 Mo. 425; Ritter v. Insurance Co., 69 Fed. 505; Jones v. Gorham, 90 Ky. 622, 10 L. R. A. 223; 16 Am. & Eng. Ency. Law, 608; 22 Cyc. 1118; Senn v. Railroad, 108 Mo. 142; Turner v. Haar, 114 Mo. 335; Culbertson v. Railway, 140 Mo. 35; Heinzle v. Railroad, 182 Mo. 555.

WOODSON, J.—The plaintiff instituted this suit in the circuit court of Jackson county against the defendant, to recover the sum of $10,000, for the alleged wrongful killing of her husband on September 21, 1910. A trial was had, and at the close of the plaintiff's evidence the circuit court, at the request of defendant, instructed the jury that the plaintiff was not entitled to a recovery. Thereupon she took a nonsuit, with leave to move to set the same aside. In due time said motion was filed and overruled, exceptions saved, and the plaintiff, in due time and proper form, appealed the cause to this court for review.

The facts of the case are few and there is but little conflict in the evidence.

The deceased, J. A. Breeze, was an employee of the defendant, as its station agent, at LaCygne, State of Kansas. By virtue of his employment and the collections, or rather the reductions made from his monthly salary, to support the hospital to be presently mentioned, he was entitled to enter and receive hospital, medical and surgical treatment at the defendant's hospital in Kansas City, Missouri, whenever the character of his sickness required such services. Shortly before the date of his death the deceased became affected with appendicitis, and it became necessary that a surgical operation should be performed upon him for that malady. In pursuance to that right the deceased was carried to said hospital in Kansas City, and a surgical operation was there properly performed upon him by skilled surgeons. No complaint along that line. However, during the performance of the operation, the evidence tended to show that there was an unusual accumulation of fluid in and about the diseased parts, which was indicative of serious complications, not necessarily existing in such cases. The deceased was placed in a room on the second floor of the hospital, under the care and attention of trained and skilled nurses; but the windows thereof were not secured by iron grates or bars.

The evidence tended to show that at intervals the deceased became delirious. Some of the witnesses stating that he was at times possessed of delusions, and there was what might be termed a scintilla of the testimony tending to show that he was thought to be insane upon one or two occasions.

The nurses were not constantly in attendance upon the deceased, but each nurse would attend one or more patients on the same floor, I gather it, according to the seriousness of the trouble for which they were being treated.

On September 21, 1910, the day upon which the deceased died, his attendant left him for about five

minutes, and upon returning she discovered that the deceased had arisen from the bed, gone to the unguarded window and had jumped therefrom to the pavement below, falling upon the cement walk, from which leap he received the injuries that shortly thereafter resulted in his death.

I.  Counsel for appellant cite, and with much confidence rely upon, the case of Phillips v. St. Louis & San Francisco Railroad Co., 211 Mo. 419, for a reversal of the judgment in this case.  The same fundamental principle underlies the two cases; but the evidence introduced in that case radically differs in quantity and character from that introduced in this.

<div style="margin-left:2em"></div>

**Negligence: Patient in Hospital.**

The sole grounds upon which plaintiff in the case at bar seeks a recovery is that the deceased was at times delirious or insane, and that the windows of his room were not guarded by iron grates or bars, to prevent him from jumping through the same from his room to the walk below, during some one of those delirious moments, during the temporary absence of the attendant.  I have carefully read the entire evidence in this case, and have failed to find sufficient evidence to have warranted the circuit court in submitting the case to the jury upon those grounds.

There was no evidence introduced tending to show that the deceased was possessed of suicidal mania, or mania of any kind, for that matter, at most that he was insane at intervals, but no indication whatever prior to the fatal leap that he intended to do himself or anyone else any personal harm.  In the absence of such showing there was no evidence tending to show that the defendant had any reason to anticipate that the deceased contemplated self-destruction. In other words, the act of the deceased, in leaping from the window, in the absence of suicidal mania, was not the ordinary or usual conduct that the defendant as an

ordinarily prudent person should have anticipated upon his part under the circumstances. It is not every man that is temporarily unbalanced from the effects of a surgical operation that possesses suicidal mania, and in fact there are but few cases of that character as common observation and experience teach us; and in the absence of evidence tending to show such bent of mind on the part of deceased, the court would not have been justified in submitting that question to the jury, for no one, as previously stated, would have anticipated such conduct upon his part.

In the Phillips case the evidence was overwhelmingly to the effect that he was insane, and that while in that condition he was carelessly permitted to leave the train and wander through a great city traversed by a network of railways and street car tracks, all of which were death traps for any one in his condition; and all reasonably prudent persons should have anticipated and foreseen the natural result of such a careless act, as Judge GRAVES so clearly pointed out in that case.

But that is not this case. Even in that case there might have been some question of the defendant's liability had Phillips committed suicide instead of having been run over by a street car, especially when there, as here, there was no evidence of suicidal mania.

I am clearly of the opinion that the trial court properly sustained the demurrer to the evidence; and for that reason the judgment should be affirmed. It is so ordered. All concur, except *Blair, J.,* who dissents.